Thomas E. Dvorak (ted@givenspursley.com, ISB# 5043)
Justin M. Fredin (justinfredin@givenspursley.com, ISB# 7921)
GIVENS PURSLEY LLP
601 W. Bannock St.
Post Office Box 2720
Boise, Idaho  83701-2720
Telephone:  208-388-1200
Facsimile:  208-388-1300

Attorneys for Plaintiff Twin City Foods, Inc.


## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWIN CITY FOODS, INC., a Washington corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>BNSF RAILWAY COMPANY f/k/a BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware company, CAMAS PRAIRIE RAILNET, INC., a Delaware corporation, UNION PACIFIC RAILROAD COMPANY, a Delaware company, CITIBANK, N.A., a New York corporation, MORGAN GUARANTY TRUST COMPANY, a New York corporation, BARTLETT FORD, an individual, LAURA ROBERSON, an individual JOHN and JANE DOES 1-20,<br><br>          Defendants. | Case No. CV 10-422-C-BLW<br><br>**AMENDED COMPLAINT FOR QUIET TITLE/ DECLARATORY JUDGMENT AND FOR SLANDER OF TITLE** |

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 1 -**

COMES NOW Plaintiff, Twin City Foods, Inc. ("Twin City Foods"), through its attorneys of record, Givens Pursley LLP, complains and alleges for causes of action against Defendants, as follows:

## STATEMENT OF THE CASE

1.      This lawsuit seeks to establish the boundaries and ownership of certain contiguous real property parcels located in the City of Lewiston, Nez Perce County, Idaho.

2.      Through either inadvertence or mistake in historical deeds, records and conveyances, the real property records of Nez Perce County, Idaho do not accurately reflect the actual boundaries of, or the extent of Twin City Foods' ownership interests in, those certain parcels described in greater detail below.

3.      Through this lawsuit, Twin City Foods seeks to quiet title, resolve any boundary issues and establish its fee simple title, or prescriptive ownership through judicial decree, in the parcels more particularly described below.

## PARTIES, JURISDICTION AND VENUE

4.      Plaintiff Twin City Foods, Inc., is a corporation formed and operated under the laws of the State of Washington, with a principal place of business in Stanwood, Washington.

5.      No Defendant is a resident of the State of Washington.

6.      Twin City Foods is duly licensed and authorized to do business in the State of Idaho.

7.      Twin City Foods owns the real property in question.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 2 -**

8.      Upon information and belief, Defendant BNSF Railway Company, formerly known as Burlington Northern Railroad Company, is the successor-in-interest to the Northern Pacific Railroad Company.

9.      Upon information and belief, BNSF Railway Company is a corporation formed and operated under the laws of the State of Delaware with a principal place of business in Fort Worth, Texas that conducts business in the State of Idaho.

10.     Upon information and belief, Defendant Camas Prairie RailNet, Inc., was a corporation formed and operated under the laws of the State of Delaware with a principal place of business in Bedford, Texas.

11.     Upon information and belief, Camas Prairie RailNet's certificate of withdrawal from the state of Idaho was issued on or about November 19, 2007.

12.     Defendant Union Pacific Railroad Company is a corporation formed and operated under the laws of the State of Delaware with a principal place of business in Omaha, Nebraska that conducts business in the state of Idaho.

13.     Defendant Citibank, N.A., is a banking institution with national charter located in New York, New York that conducts business in the state of Idaho.

14.     Upon information and belief, Defendant Morgan Guaranty Trust Company of New York was a New York corporation with a principal place of business in New York, New York.

15.     Upon information and belief, Morgan Guaranty Trust Company of New York's certificate of authority to conduct business in the state of Idaho was administratively revoked on or about March 8, 2002.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 3 -**

16.     Defendant Bartlett Ford, an individual, is the successor in interest to Jacob M. Ford II, who is disclosed as a trustee on that certain Mortgage, recorded as Instrument No 34267 as disclosed by that certain Affidavit and Certificate recorded October 31, 1981 as Instrument No. 449916 against real property owned by Twin City Foods and, based upon information and belief, it is believed that Defendant Laura Roberson is a successor in interest to Bartlett Ford as trustee on that certain Mortgage.

17.     Upon information and belief, neither Bartlett Ford nor Laura Roberson are a Washington or Idaho resident or domiciliary.

18.     Defendants John and Jane Does 1-20 are individuals, corporations, partnerships, limited liability companies, other business organizations and/or governmental entities whose true names and identities are unknown to Twin City Foods and who may claim an interest in the real property that is the subject of this lawsuit.

19.     The value of the real property subject to dispute (i.e., the amount in controversy in this action) exceeds $75,000.00.

20.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship.

21.     Venue before this Court in the District of Idaho pursuant to 28 U.S.C. § 1391(a)(2) is appropriate, as a substantial portion of the relevant events occurred in this District and the real property that gave rise to this action is located in this District..

## FACTUAL BACKGROUND

22.     The underlying dispute arises out of contiguous parcels of real property located in Nez Perce County, Idaho more fully described in EXHIBIT 1, attached hereto and incorporated herein by reference, as Parcels 1-13 (collectively, the "Parcels").

23.     An illustrative map showing the boundaries of each Parcel is attached hereto and incorporated herein by reference as EXHIBIT 2.

24.     Collectively, the contiguous Parcels comprise the global legal description (the "Global Legal Description") that is attached hereto and incorporated herein by reference as EXHIBIT 3.  An illustrative map showing the boundary described in the Global Legal Description is attached hereto and incorporated by reference as EXHIBIT 4. Twin City Foods claims fee simple ownership of all real property within the Global Legal Description.

### Parcels 1, 2, 3, 4 and 5

25.     Twin City Foods purchased Parcels 1, 2 and 5 from Seabrook Farms, Inc., in 1967.  A true and correct copy of this deed is attached hereto as EXHIBIT 5 and is incorporated herein by reference.

26.     Twin City Foods purchased Parcel 3 from Burlington Northern in 1977.  A true and correct copy of this deed is attached hereto as EXHIBIT 6 and is incorporated herein by reference.

27.     Parcel 4 was originally part of Parcels 1 and 11 but was quitclaimed by Twin City Foods to the federal government as part of the Lower Granite Lock and Dam Project.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 5 -**

28.     When the federal government deemed Parcel 4 to be surplus property, it sold Parcel 4 to Twin City Foods in 1989.  A true and correct copy of this deed is attached hereto as EXHIBIT 7 and is incorporated herein by reference.

29.     The real property and/or tax records of Nez Perce County, Idaho correctly reflect that Parcels 1, 2, 3, 4 and 5 are fully owned by Twin City Foods.

30.     Upon information and belief, John and Jane Does 1-20 and/or other Defendants may claim some right, title or interest to Parcel 1.

31.     It appears that no Defendants or other parties claim any right, title or interest in any portion of Parcels 2, 3, 4 or 5.

## Parcels 6, 7, 8 and 9

32.     Through inadvertence or neglect, the real property and/or tax records of Nez Perce County, Idaho have not been updated and/or do not reflect proper ownership of Parcels 6, 7 and 8.

33.     The Nez Perce County, Idaho real property and/or tax records erroneously indicate that Burlington Northern and Santa Fe Railway Company (a corporate predecessor of Burlington Northern) own a portion of Parcels 6, 7 and 8.

34.     The real property and/or tax records of Nez Perce County, Idaho correctly reflect that Parcel 9 is fully owned by Twin City Foods.

35.     Although there appears to be some discrepancy in the legal description attached to the deed (Instrument No. 631704 attached as EXHIBIT 8 and incorporated herein by reference) conveying Burlington Northern's interests in Parcels 6, 7, 8 and 9 to Twin City Foods' immediate predecessor-in-interest, Camas Prairie RailNet, Inc., the

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 6 -**

deed reflects the parties' intent that Burlington Northern convey all of its ownership interests in Parcels 6, 7, 8 and 9 to Camas Prairie RailNet, Inc.

36.     Camas Prairie RailNet, Inc., subsequently conveyed its interests in Parcels 6, 7, 8 and 9 to Twin City Foods in the deeds attached hereto as EXHIBITS 9, 10, 11 and 12.

## Parcel 10

37.     Through inadvertence or neglect, the real property and/or tax records of Nez Perce County, Idaho have not been updated and/or do not reflect proper ownership of Parcel 10.

38.     The Nez Perce County, Idaho real property and/or tax records indicate that the Union Pacific Railroad Company and the Northern Pacific Railroad Company (a predecessor of Burlington Northern) may have some ownership interest in all or portions of Parcel 10.

39.     Any claim asserted by the Union Pacific Railroad Company in Parcel 10 arises out of a deed recorded March 12, 1908 in Book 95 of Deeds, page 182.  A true and correct copy of this deed is attached hereto as EXHIBIT 13 and is incorporated herein by reference.

40.     Any claim asserted by the Northern Pacific Railroad Company in Parcel 10 arises out of a deed recorded March 9, 1899 in Book 66 of Deeds, page 112.  A true and correct copy of this deed is attached hereto as EXHIBIT 14 and is incorporated herein by reference.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 7 -**

**Parcel 11**

41.     Through inadvertence or neglect, the real property and/or tax records of Nez Perce County, Idaho have not been updated and/or do not reflect proper ownership of Parcel 11.

42.     The Nez Perce County, Idaho real property and/or tax records omit any information regarding ownership of Parcel 11.

43.     Twin City Foods purchased Parcel 11 from Seabrook Farms, Inc., in 1967, as set forth in the deed attached hereto as EXHIBIT 5.

**Parcels 12 and 13**

44.     Through inadvertence or neglect, the borders of the individual parcels contained in Global Legal Description did not match exactly, creating gaps between the parcels to which Twin City Foods holds unqualified fee simple title.

45.     Legal descriptions for the gaps between parcels to which Twin City Foods holds unqualified fee simple title are contained in EXHIBIT 1 and are identified as Parcels 12 and 13 on the map attached hereto as EXHIBIT 2.

46.     When Twin City Foods acquired title to the various parcels contained in EXHIBIT 3 and the Global Legal Description, its predecessors-in-interest intended to convey full and complete ownership in all of the underlying real property, and it was only through inadvertence or neglect that adequate legal descriptions were not included in the various conveyances.

**Citibank Mortgage**

**(The General Lien Mortgage)**

47.     Virtually every Parcel, or some portion thereof, was previously owned by Defendant BNSF Railway Company, formerly known as Burlington Northern Railroad

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 8 -**

Company, or its predecessor-in-interest, the Northern Pacific Railroad Company (together, "Burlington Northern").

48.     Twin City Foods either acquired the Parcels directly from Burlington Northern or from one of Burlington Northern's successors-in-interest.

49.     The real property records of Nez Perce County, Idaho reflect a General Lien Mortgage ("General Lien Mortgage") originally recorded November 10, 1896 in Book 64 of Mortgages, pages 106 through 202, as disclosed by that certain Affidavit and Certificate recorded October 31, 1981 as Instrument No. 449916 ("Affidavit and Certificate") against all of Burlington Northern's real property in Nez Perce County, Idaho.  True and correct copies of the General Lien Mortgage and Affidavit and Certificate are attached hereto as EXHIBITS 15 and 16, respectively, and are incorporated herein by reference.

50.     Upon information and belief, Burlington Northern granted the General Lien Mortgage in favor of Citibank, N.A., or its predecessor-in-interest, to secure payment of certain bonds presumably used to finance the development and improvement of Burlington Northern's railway extending across the upper midwestern and northwestern United States.

51.     Upon information and belief, through the years, Burlington Northern merged with other regional railroads and entities and undertook various corporate reorganizations.

52.     Apparently, as part of one of these mergers or reorganizations, Burlington Northern's creditors required reaffirmation of its obligations and the security interests

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 9 -**

Burlington Northern had granted in its real properties located throughout the United States.

53.     Upon information and belief, therefore, in connection with a reorganization and name change of Burlington Northern in 1981, the Affidavit and Certificate was recorded in the real property records of Nez Perce County, Idaho.

54.     The Affidavit and Certificate reaffirmed and incorporated by reference that certain Supplemental Indenture dated May 14, 1981 to Burlington Northern's General Lien Mortgage running in favor of Citibank, N.A.

55.     Upon information and belief, the obligations secured by the General Lien Mortgage have been paid or have otherwise been extinguished.

56.     In the alternative, upon information and belief, the obligations secured by the General Lien Mortgage were due at least five (5) years prior to the filing of this lawsuit, and Citibank has failed to file suit to foreclose the General Lien Mortgage.

57.     Therefore, pursuant to Idaho Code § 5-214A, the statute of limitations for enforcing the General Lien Mortgage has expired, and the General Lien Mortgage is unenforceable.

58.     Further, upon information and belief, the General Lien Mortgage fails to precisely and adequately describe the real property subject to the mortgage, in violation of Idaho Code § 9-505 and other Idaho law, and instead contains mere reference to large tracts of land the rail line allegedly crosses from Minnesota to Washington State.

59.     Upon information and belief, Burlington Northern conveyed, or intended to convey, the real property in question to Twin City Foods or Twin City Foods' predecessor(s)-in-interest free and clear of the General Lien Mortgage.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 10 -**

60.     The General Lien Mortgage and any subsequent indentures, liens or other interests held by Burlington Northern's creditors should have been released upon the conveyance of Burlington Northern's interests in the Parcels.

61.     Twin City Foods is not liable for any indebtedness or other obligation secured by Burlington Northern's General Lien Mortgage or any subsequent or supplemental indentures, liens or other interests related thereto, and the General Lien Mortgage is ineffectual against the Parcels.

## Morgan Guaranty Trust Company of New York Mortgage
### (The Consolidated Mortgage)

62.     The real property records of Nez Perce County, Idaho reflect a Consolidated Mortgage ("Consolidated Mortgage") granted by Burlington Northern in its real properties located in Nez Perce County, Idaho to Morgan Guaranty Trust Company of New York and Bartlett Ford (Successor to Jacob M. Ford II), Trustees, originally recorded March 4, 1970 as Instrument No. 342627, as disclosed by the same Affidavit of Certificate recorded October 31, 1981 under Instrument No. 449916, discussed above.  A true and correct copy of the Consolidated Mortgage is attached hereto as EXHIBIT 17 and is incorporated herein by reference.

63.     As alleged above, through the years, Twin City Foods' predecessor-in-interest, Burlington Northern, encumbered its real property to finance various corporate undertakings and underwent various corporate mergers and restructures.

64.     Burlington Northern encumbered its real property located in Nez Perce County, Idaho with that certain Consolidated Mortgage.

65.     Upon information and belief, when Burlington Northern undertook the above-discussed corporate restructure and name change in 1981, Morgan Guaranty Trust

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 11 -**

Company of New York and Bartlett Ford (successor to Jacob M. Ford II) required reaffirmation of Burlington Northern's obligations to them and the security interests Burlington Northern had granted in its properties located throughout the United States.

66.     Therefore, in connection with a reorganization and name change of Burlington Northern in 1981, the Affidavit and Certificate was recorded in the real property records of Nez Perce County, Idaho.

67.     In addition to the General Lien and Mortgage discussed above, the Affidavit and Certificate contained and incorporated by reference that certain Tenth Supplemental Indenture to Burlington Northern Inc. Consolidated Mortgage (collectively, the Consolidated Mortgage and all supplemental or subsequent indentures will simply be referred to as the "Consolidated Mortgage").  (*See* EXHIBIT 17.)

68.     Upon information and belief, the obligations secured by the Consolidated Mortgage have been paid or have otherwise been extinguished.

69.     In the alternative, upon information and belief, the obligations secured by the Consolidated Mortgage were due at least five (5) years prior to the filing of this lawsuit, and Morgan Guaranty Trust Company of New York and Bartlett Ford (successor to Jacob M. Ford II) have failed to file suit to foreclose the Consolidated Mortgage.

70.     Therefore, pursuant to Idaho Code § 5-214A, the statute of limitations for enforcing the Consolidated Mortgage has expired, and the Consolidated Mortgage is unenforceable.

71.     Further, the Consolidated Mortgage fails to precisely and adequately describe the real property subject to the mortgage, in violation of Idaho Code § 9-505 and

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 12 -**

other Idaho law, and instead contains mere reference to large tracts of land the rail line allegedly crosses from Minnesota to Washington State.

72.     Upon information and belief, Burlington Northern conveyed, or intended to convey, portions of the Parcels to Twin City Foods or Twin City Foods' predecessors-in-interest free and clear of the Consolidated Mortgage.

73.     The Consolidated Mortgage and any subsequent indentures, liens or other interests held by Burlington Northern's creditors should have been released upon the conveyance of Burlington Northern's interests in the Parcels.

74.     Twin City Foods is not liable for any indebtedness or other obligation secured by the Consolidated Mortgage or any subsequent or supplemental indentures, liens or other interests related thereto, and the Consolidated Mortgage is ineffectual against the Parcels.

## APPLICABLE LAW – QUIET TITLE AND DECLARATORY JUDGMENT

75.     Idaho Code § 6-401 provides for "[a]ctions to quiet title" and states, in pertinent part, that "[a]n action may be brought by any person against another who claims an estate or interest in real property . . . adverse to him, for the purpose of determining such adverse claim."

76.     Idaho Code § 6-411 provides that "[a]n action may be maintained to quiet title to lands against any mortgage, the enforcement and collection of which is barred by the Statute of Limitations of the State of Idaho, and which, except for the fact that its collection and enforcement is so barred, would constitute a lien upon such lands."

77.     Idaho Code § 6-413 provides that "[t]he party seeking to maintain such action shall be entitled to a decree quieting title to his lands against the lien of any such judgment or mortgage upon proof that the collection and enforcement of such judgment

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 13 -**

or mortgage is barred by the Statute of Limitations and without the necessity of proving that any such judgment or the indebtedness secured by any such mortgage has been paid."

78.     Idaho Code § 10-1201 provides for "[d]eclaratory judgments" and goes on to state that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.  The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

79.     Idaho Code § 10-1202 provides that "[a]ny person interested under a deed, will, written contract or other writings constituting a contract or any oral contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

80.     Idaho Code § 10-1205 provides that "[t]he enumeration in Sections 10-1202, 10-1203 and 10-1204, does not limit or restrict the exercise of the general powers conferred in Section 10-1201, in any proceedings where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

81.     Idaho Code § 10-1208 provides that "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper."

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 14 -**

## COUNT I

## QUIET TITLE / DECLARATORY JUDGMENT

## PARCEL 1

82.     Twin City Foods realleges and incorporates by reference all previous allegations.

83.     Based on the state of the real property records, it appears that John and Jane Does 1-20 and/or other Defendants may claim an interest in some or all of Parcel 1.

### Construction and Reformation of Instruments in Record to Quiet Title

84.     No persons or entities hold an estate, right, lien or interest superior to Twin City Foods in or to Parcel 1, as identified more particularly in EXHIBITS 1 and 2 attached hereto, or any portion thereof.

85.     The instruments in the record relating to Parcel 1 were intended to vest title to said Parcel completely in Twin City Foods and either (a) succeeded in this regard, or (b) may be reformed by this Court so that they clearly reflect the intention of the parties in this regard, and no rights of third parties (who otherwise would qualify as bona fide purchasers) would be substantially prejudiced thereby.

86.     Pursuant to Idaho Code §§ 6-401 and 10-1201 *et seq.*, Twin City Foods is entitled to a judgment quieting title against all others, including but not limited to the Defendants, and declaring and decreeing Twin City Foods' fee simple ownership of Parcel 1.

### Adverse Possession

87.     In the alternative, Twin City Foods makes claim for adverse possession based upon a written and/or oral claim of title.

88.     For Parcel 1, Twin City Foods and/or its predecessor(s)-in-interest:

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 15 -**

- had exclusive, complete, actual, open, visible, notorious, hostile, continuous and uninterrupted possession adverse to all others;

- paid all state, county and municipal taxes that were levied and assessed upon said Parcel; and

- usually cultivated or improved said Parcel, protected said Parcel by a substantial enclosure and/or used said Parcel for the ordinary use of the respective occupant; for a period of at least five (5) years prior to July 1, 2006.

89.     Defendants, or anyone who asserts a right under or through them, have no estate, right, lien or interest whatsoever or any rightful or lawful claim in or to Parcel 1 or any portion thereof.

90.     Twin City Foods is entitled to a judgment and order decreeing that it owns Parcel 1 in fee simple and is entitled to peaceful enjoyment of said Parcel, and that the Defendants and all persons claiming under or through them have no estate, right, lien or interest in or to said Parcel or any portion thereof.

### Boundary by Agreement

91.     In the alternative, Twin City Foods makes claim for title based upon boundary by agreement.

92.     At some point in the past, the boundary of Parcel 1 was disputed or uncertain.

93.     At some point in the past, Twin City Foods and its neighboring property owners agreed upon a boundary for Twin City Foods' property holdings, and a fence around Twin City Foods' property was established.

94.     The fence includes the entire area located within Parcel 1.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 16 -**

95. The border of Parcel 1 was established through boundary by agreement, and Twin City Foods is entitled to a judgment and order quieting title in Twin City Foods to said Parcel.

### Prescriptive Easement

96. In the alternative, if Twin City Foods is unable to establish title to Parcel 1, Twin City Foods makes claim for an exclusive prescriptive easement.

97. Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcel 1 was open and notorious, continuous and uninterrupted, adverse and under a claim of right for a period of at least five (5) years prior to July 1, 2006.

98. Any interested party had actual or imputed knowledge of Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcel 1.

99. Twin City Foods is entitled to a judicial order and decree finding that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcel 1 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcel and are enjoined and restrained from any interference with Twin City Foods' use of said Parcel.

### COUNT II

### QUIET TITLE / DECLARATORY JUDGMENT

### PARCELS 6, 7, 8 AND 9

100. Twin City Foods realleges and incorporates by reference all previous allegations.

101. Based on the state of the real property records, it appears that Burlington Northern and/or Camas Prairie RailNet and/or other Defendants may claim an interest in some or all of Parcels 6, 7, 8 and 9.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 17 -**

**Construction and Reformation of Instruments in Record to Quiet Title**

102.    No persons or entities hold an estate, right, lien or interest superior to Twin City Foods in or to Parcels 6, 7, 8 and 9, as identified more particularly in EXHIBITS 1 and 2 attached hereto, or any portion thereof.

103.    The instruments in the record relating to Parcels 6, 7, 8 and 9 were intended to vest title to said Parcels completely in Twin City Foods and either (a) succeeded in this regard, or (b) may be reformed by this Court so that they clearly reflect the intention of the parties in this regard, and no rights of third parties (who otherwise would qualify as bona fide purchasers) would be substantially prejudiced thereby.

104.    Pursuant to Idaho Code §§ 6-401 and 10-1201 *et seq.*, Twin City Foods is entitled to a judgment quieting title against all others, including but not limited to the Defendants, and declaring and decreeing Twin City Foods' fee simple ownership of Parcels 6, 7, 8 and 9.

**Adverse Possession**

105.    In the alternative, Twin City Foods makes claim for adverse possession based upon a written and/or oral claim of title.

106.    For each Parcel, Twin City Foods and/or its predecessor(s)-in-interest:

- had exclusive, complete, actual, open, visible, notorious, hostile, continuous and uninterrupted possession adverse to all others;

- paid all state, county and municipal taxes that were levied and assessed upon said Parcel; and

- usually cultivated or improved said Parcel, protected said Parcel by a substantial enclosure and/or used said Parcel for the ordinary use of the respective occupant;

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 18 -**

for a period of at least five (5) years prior to July 1, 2006.

107.    Defendants, or anyone who asserts a right under or through them, have no estate, right, lien or interest whatsoever or any rightful or lawful claim in or to Parcels 6, 7, 8 or 9 or any portion thereof.

108.    Twin City Foods is entitled to a judgment and order decreeing that it owns Parcels 6, 7, 8 and 9 in fee simple and is entitled to peaceful enjoyment of each of said Parcels, and that the Defendants and all persons claiming under or through them have no estate, right, lien or interest in or to any of said Parcels or any portion thereof.

### Boundary by Agreement

109.    In the alternative, Twin City Foods makes claim for title based upon boundary by agreement.

110.    At some point in the past, the boundary of Parcels 6, 7, 8 and 9 was disputed or uncertain.

111.    At some point in the past, Twin City Foods and its neighboring property owners agreed upon a boundary for Twin City Foods' property holdings, and a fence around Twin City Foods' property was established.

112.    The fence includes the entire area located within Parcels 6, 7, 8 and 9.

113.    The border of Parcels 6, 7, 8 and 9 was established through boundary by agreement, and Twin City Foods is entitled to a judgment and order quieting title in Twin City Foods to said Parcels.

### Prescriptive Easement

114.    In the alternative, if Twin City Foods is unable to establish title to Parcels 6, 7, 8 and 9, Twin City Foods makes claim for an exclusive prescriptive easement.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 19 -**

115.     Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcels 6, 7, 8 and 9 was open and notorious, continuous and uninterrupted, adverse and under a claim of right for a period of at least five (5) years prior to July 1, 2006.

116.     Any interested party had actual or imputed knowledge of Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcels 6, 7, 8 and 9.

117.     Twin City Foods is entitled to a judicial order and decree finding that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcels 6, 7, 8 and 9 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcels and are enjoined and restrained from any interference with Twin City Foods' use of said Parcels.

## COUNT III

## QUIET TITLE / DECLARATORY JUDGMENT

## PARCEL 10

118.     Twin City Foods realleges and incorporates by reference all previous allegations.

119.     Based on the state of the real property records, it appears that the Union Pacific Railroad Company and/or Burlington Northern and/or other Defendants may claim some sort of property interest in Parcel 10.

### Boundary by Agreement

120.     Twin City Foods makes claim for title based upon boundary by agreement.

121.     At some point in the past, the boundary of Parcel 10 was disputed or uncertain.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 20 -**

122.    At some point in the past, Twin City Foods and its neighboring property owners agreed upon a boundary for Twin City Foods' property holdings, and a fence around Twin City Foods' property was established.

123.    The fence includes the entire area located within Parcel 10.

124.    The border of Parcel 10 was established through boundary by agreement, and Twin City Foods is entitled to a judgment and order quieting title in Twin City Foods to said Parcel.

**Prescriptive Easement**

125.    In the alternative, if Twin City Foods is unable to establish title to Parcel 10, Twin City Foods makes claim for an exclusive prescriptive easement.

126.    Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcel 10 was open and notorious, continuous and uninterrupted, adverse and under a claim of right for a period of at least five (5) years prior to July 1, 2006.

127.    Any interested party had actual or imputed knowledge of Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcel 10.

128.    Twin City Foods is entitled to a judicial order and decree finding that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcel 10 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcel and are enjoined and restrained from any interference with Twin City Foods' use of said Parcel.

## COUNT IV

## QUIET TITLE / DECLARATORY JUDGMENT

## PARCEL 11

129.    Twin City Foods realleges and incorporates by reference all previous allegations.

130.    Based on the state of the real property records, it appears that John and Jane Does 1-20 and/or other Defendants may claim some right, title or interest to Parcel 11.

### Construction and Reformation of Instruments in Record to Quiet Title

131.    No persons or entities hold an estate, right, lien or interest superior to Twin City Foods in or to Parcel 11, as identified more particularly in EXHIBITS 1 and 2 attached hereto, or any portion thereof.

132.    The instruments in the record relating to Parcel 11 were intended to vest title to said Parcel completely in Twin City Foods and either (a) succeeded in this regard, or (b) may be reformed by this Court so that they clearly reflect the intention of the parties in this regard, and no rights of third parties (who otherwise would qualify as bona fide purchasers) would be substantially prejudiced thereby.

133.    Pursuant to Idaho Code §§ 6-401 and 10-1201 *et seq.*, Twin City Foods is entitled to a judgment quieting title against all others, including but not limited to the Defendants, and declaring and decreeing Twin City Foods' fee simple ownership of Parcel 11.

### Adverse Possession

134.    In the alternative, Twin City Foods makes claim for adverse possession based upon a written and/or oral claim of title.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 22 -**

135.   For Parcel 11, Twin City Foods and/or its predecessor(s)-in-interest:

- had exclusive, complete, actual, open, visible, notorious, hostile, continuous and uninterrupted possession adverse to all others;

- paid all state, county and municipal taxes that were levied and assessed upon said Parcel; and

- usually cultivated or improved said Parcel, protected said Parcel by a substantial enclosure and/or used said Parcel for the ordinary use of the respective occupant; for a period of at least five (5) years prior to July 1, 2006.

136.   Defendants, or anyone who asserts a right under or through them, have no estate, right, lien or interest whatsoever or any rightful or lawful claim in or to Parcel 11 or any portion thereof.

137.   Twin City Foods is entitled to a judgment and order decreeing that it owns Parcel 11 in fee simple and is entitled to peaceful enjoyment of said Parcel, and that the Defendants and all persons claiming under or through them have no estate, right, lien or interest in or to said Parcel or any portion thereof.

**Boundary by Agreement**

138.   In the alternative, Twin City Foods makes claim for title based upon boundary by agreement.

139.   At some point in the past, the boundary of Parcel 11 was disputed or uncertain.

140.   At some point in the past, Twin City Foods and its neighboring property owners agreed upon a boundary for Twin City Foods' property holdings, and a fence around Twin City Foods' property was established.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 23 -**

141.    The fence includes the entire area located within Parcel 11.

142.    The border of Parcel 11 was established through boundary by agreement, and Twin City Foods is entitled to a judgment and order quieting title in Twin City Foods to said Parcel.

## Prescriptive Easement

143.    In the alternative, if Twin City Foods is unable to establish title to Parcel 11, Twin City Foods makes claim for an exclusive prescriptive easement.

144.    Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcel 11 was open and notorious, continuous and uninterrupted, adverse and under a claim of right for a period of at least five (5) years prior to July 1, 2006.

145.    Any interested party had actual or imputed knowledge of Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcel 11.

146.    Twin City Foods is entitled to a judicial order and decree finding that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcel 11 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcel and are enjoined and restrained from any interference with Twin City Foods' use of said Parcel.

## COUNT V

## QUIET TITLE / DECLARATORY JUDGMENT

## PARCELS 12 AND 13

147.    Twin City Foods realleges and incorporates by reference all previous allegations.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 24 -**

148.    Based on the state of the real property records, it appears that Burlington Northern and/or Camas Prairie RailNet and/or other Defendants may claim some right, title or interest in some or all of Parcels 12 and 13.

### Construction and Reformation of Instruments in Record to Quiet Title

149.    No persons or entities hold an estate, right, lien or interest superior to Twin City Foods in or to Parcels 12 and 13, as identified more particularly in EXHIBITS 1 and 2 attached hereto, or any portion thereof.

150.    Pursuant to Idaho Code §§ 6-401 and 10-1201 *et seq.*, Twin City Foods is entitled to a judgment quieting title against all others, including but not limited to the Defendants, and declaring and decreeing Twin City Foods' fee simple ownership of Parcels 12 and 13.

### Adverse Possession

151.    In the alternative, Twin City Foods makes claim for adverse possession based upon a written and/or oral claim of title.

152.    For each Parcel, Twin City Foods and/or its predecessor(s)-in-interest:

- had exclusive, complete, actual, open, visible, notorious, hostile, continuous and uninterrupted possession adverse to all others;

- paid all state, county and municipal taxes that were levied and assessed upon said Parcel; and

- usually cultivated or improved said Parcel, protected said Parcel by a substantial enclosure and/or used said Parcel for the ordinary use of the respective occupant; for a period of at least five (5) years prior to July 1, 2006.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 25 -**

153.    Defendants, or anyone who asserts a right under or through them, have no estate, right, lien or interest whatsoever or any rightful or lawful claim in or to Parcels 12 and 13 or any portion thereof.

154.    Twin City Foods is entitled to a judgment and order decreeing that it owns Parcels 12 and 13 in fee simple and is entitled to peaceful enjoyment of each of said Parcels, and that the Defendants and all persons claiming under or through them have no estate, right, lien or interest in or to any of said Parcels or any portion thereof.

## Boundary by Agreement

155.    In the alternative, Twin City Foods makes claim for title based upon boundary by agreement.

156.    At some point in the past, the boundary of Parcels 12 and 13 was disputed or uncertain.

157.    At some point in the past, Twin City Foods and its neighboring property owners agreed upon a boundary for Twin City Foods' property holdings, and a fence around Twin City Foods' property was established.

158.    The fence includes the entire area located within Parcels 12 and 13.

159.    The border of Parcels 12 and 13 was established through boundary by agreement, and Twin City Foods is entitled to a judgment and order quieting title in Twin City Foods to said Parcels.

## Prescriptive Easement

160.    In the alternative, if Twin City Foods is unable to establish title to Parcels 12 and 13, Twin City Foods makes claim for an exclusive prescriptive easement.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 26 -**

161.    Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcels 12 and 13 was open and notorious, continuous and uninterrupted, adverse and under a claim of right for a period of at least five (5) years prior to July 1, 2006.

162.    Any interested party had actual or imputed knowledge of Twin City Foods' and/or its predecessor(s)-in-interests' use of Parcels 12 and 13.

163.    Twin City Foods is entitled to a judicial order and decree finding that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcels 12 and 13 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcels and are enjoined and restrained from any interference with Twin City Foods' use of said Parcels.

## COUNT VI

## QUIET TITLE / DECLARATORY JUDGMENT

## CITIBANK MORTGAGE

## (THE GENERAL LIEN MORTGAGE)

164.    Twin City Foods realleges and incorporates by reference all previous allegations.

165.    The General Lien Mortgage and any subsequent or supplemental indentures, liens or other interests related thereto are unenforceable pursuant to Idaho Code §§ 5-124A and 9-505 and should be released and/or declared null and void, and Twin City Foods should be awarded title to the Parcels free and clear of the General Lien Mortgage and any subsequent or supplemental indentures, liens or security interests granted by Burlington Northern.

166.    Based on the fact that the underlying debt behind the Citibank Mortgage has been paid and/or pursuant to Idaho Code §§ 5-214A, 9-505, 6-601 *et. seq.* and 10-

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 27 -**

1201 *et seq.*, Twin City Foods is entitled to a declaratory judgment and order quieting title and decreeing that the General Lien Mortgage is null and void and that all real property now owned by Twin City Foods is released from the General Lien Mortgage held by Defendant Citibank, N.A.

**COUNT VII**

**QUIET TITLE / DECLARATORY JUDGMENT**

**MORGAN GUARANTY TRUST COMPANY OF NEW YORK MORTGAGE**

**(THE CONSOLIDATED MORTGAGE)**

167.     Twin City Foods realleges and incorporates by reference all previous allegations.

168.     The Consolidated Mortgage and any subsequent or supplemental indentures, liens or other interests related thereto are unenforceable pursuant to Idaho Code §§ 5-214A and 9-505 and should be released and/or declared null and void, and Twin City Foods should be awarded title to the Parcels free and clear of the Consolidated Mortgage and any subsequent or supplemental indentures, liens or security interests granted by Burlington Northern.

169.     Based on the fact that the underlying debt behind the Consolidated Mortgage has been paid and/or Pursuant to Idaho Code §§ 5-214A, 9-505 and 10-1201 *et seq.*, Twin City Foods is entitled to a declaratory judgment and order decreeing that the Consolidated Mortgage is null and void and that all real property now owned by Twin City Foods is released from the Consolidated Mortgage held by Defendants Morgan Guaranty Trust Company and/or Bartlett Ford as successor to Jacob M. Ford II.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 28 -**

## COUNT VIII

## SLANDER OF TITLE (BURLINGTON NORTHERN)

170.     Twin City Foods realleges and incorporates by reference all previous allegations.

171.     In 1981, Burlington Northern caused that certain Affidavit and Certificate to be recorded as Instrument No. 449916, reasserting and reflecting the General Lien Mortgage and reasserting and reflecting the Consolidated Mortgage.

172.     Burlington Northern conveyed fee simple title to the property in question to Twin City Foods or Twin City Foods' predecessor(s)-in-interest free and clear of any liens or mortgages established by Burlington Northern on those parcels, but failed to adequately document release of the mortgages and liens against the real property located in Nez Perce County, Idaho.

173.     In failing to adequately document release of the mortgages, Burlington Northern left a cloud on Twin City Foods' fee simple title to portions of the property identified in the Global Legal Description.

174.     The Affidavit and Certificate and mortgages they reflect disparage Twin City Foods' fee simple title in portions of the property identified in the Global Legal Description.

175.     The Affidavit and Certificate and mortgages they reflect were published to the world by their recordation in the real property records of Nez Perce County, Idaho and by Burlington Northern's failure to properly release them.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 29 -**

176.    Burlington Northern's recordation of the Affidavit and Certificate and/or failure to obtain and record releases from these mortgages or liens was reckless, erroneous, fraudulent and/or wrongful.

177.    Burlington Northern's failure to obtain a release of the liens and mortgages clouds Twin City Foods' title and demonstrates Burlington Northern's malice and intent to harm or otherwise injure Twin City Foods and its quiet enjoyment of its real property.

178.    As a direct and proximate result of Burlington Northern's failure to obtain releases of the liens and mortgages, Twin City Foods has been forced to incur attorneys' fees and costs in clearing its title and has suffered additional damages in an amount to be proven at trial.

## ATTORNEYS' FEES AND COSTS

Twin City Foods has been required to obtain the services of Givens Pursley LLP to prosecute this matter.  Twin City Foods has incurred and will continue to incur attorneys' fees and costs in connection with this lawsuit.  Pursuant to Idaho Code §§ 10-1201 *et seq.*, 12-120 and 12-121, Idaho Rule of Civil Procedure 54 and any other Idaho law, Twin City Foods is entitled to its reasonable attorneys' fees and costs.  If Twin City Foods is granted a default judgment, $20,000.00 is a reasonable award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Twin City Foods prays for judgment in its favor and against Defendants, as follows:

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 30 -**

1.      For an order requiring and directing that all Defendants set forth specifically in writing the nature of any interest they claim in any or all of the real property parcels at issue in this case;

2.      For Judgment in favor of Plaintiffs and against all Defendants on all Counts of this Complaint.

3.      On Count I, a judgment and order adjudging, declaring and decreeing that Twin City Foods owns Parcel 1 in fee simple or, in the alternative, that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcel 1 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcel and are enjoined and restrained from any interference with Twin City Foods' use of said Parcel;

4.      On Count II, a judgment and order adjudging, declaring and decreeing that Twin City Foods owns Parcels 6, 7, 8 and 9 in fee simple or, in the alternative, that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcels 6, 7, 8 and 9 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcels and are enjoined and restrained from any interference with Twin City Foods' use of said Parcels;

5.      On Count III, a judgment and order adjudging, declaring and decreeing that Twin City Foods owns Parcel 10 in fee simple or, in the alternative, that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcel 10 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcel and are enjoined and restrained from any interference with Twin City Foods' use of said Parcel;

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 31 -**

6.      On Count IV, a judgment and order adjudging, declaring and decreeing that Twin City Foods owns Parcel 11 in fee simple or, in the alternative, that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcel 11 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcel and are enjoined and restrained from any interference with Twin City Foods' use of said Parcel;

7.      On Count V, a judgment and order adjudging, declaring and decreeing that Twin City Foods owns Parcels 12 and 13 in fee simple or, in the alternative, that Twin City Foods has an exclusive prescriptive easement to use all portions of Parcels 12 and 13 and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said Parcels and are enjoined and restrained from any interference with Twin City Foods' use of said Parcels;

8.      For a judgment and order adjudging, declaring and decreeing that Twin City Foods owns all real property within the Global Legal Description in fee simple or, for any real property within the Global Legal Description that Twin City Foods does not own in fee simple, that Twin City Foods has an exclusive prescriptive easement to use said real property and that Defendants and any and all persons claiming under or through them may not interfere with Twin City Foods' use of said real property and are enjoined and restrained from any interference with Twin City Foods' use of said real property;

9.      On Count VI, a judgment and order adjudging, declaring and decreeing that the General Lien Mortgage is null and void and that all real property now owned by Twin City Foods is released from the General Lien Mortgage held by Defendant Citibank, N.A.;

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 32 -**

10.     On Count VII, a judgment and order adjudging, declaring and decreeing that the Consolidated Mortgage is null and void and that all real property now owned by Twin City Foods is released from the Consolidated Mortgage held by Defendants Morgan Guaranty Trust Company and/or Bartlett Ford as successor to Jacob M. Ford II;

11.     On Count VIII, a monetary judgment and order in favor of Twin City Foods and against Burlington Northern awarding Twin City Foods all damages caused by Burlington Northern's slander of Twin City Foods' title to the Parcels;

12.     On any Count for which reformation of any deed in the record is appropriate, for a declaration and decree adjudging the same.

13.     For a declaration that a copy of the judgment may be recorded in the real property records of Nez Perce County, Idaho, and once so recorded shall serve as proof of the matters described and set forth there.

14.     On all Counts, pursuant to Idaho Code §§ 10-1201 *et seq*., 12-120 and 12-121, Idaho Rule of Civil Procedure 54 and other Idaho law, an award of Twin City Foods' reasonable attorneys' fees and costs in the amount of $20,000 if a default judgment is entered and such further amount as is established at an appropriate time in the proceedings if the matter is contested; and

15.     Such other and further relief as the Court deems just and appropriate under the circumstances.

DATED this 31st day of August, 2010.

GIVENS PURSLEY LLP

/s/ _____
Thomas E. Dvorak
Justin M. Fredin
Attorneys for Twin City Foods, Inc.

**AMENDED COMPLAINT FOR QUIET TITLE/DECLARATORY JUDGMENT - 33 -**